UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES L. BELL,
    Petitioner,

vs.                                    Case No.:  4:25cv234/MW/ZCB

RICKY DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, James L. Bell, has filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as untimely.  (Doc. 12).  Petitioner opposes dismissal.  (Doc. 14).  For the reasons below, Respondent's motion to dismiss should be granted.[1]

### I.    Background

On November 6, 1997, a jury in the Taylor County Circuit Court convicted Petitioner of armed robbery with a firearm.  (Doc. 12-2 at 10).  The trial court sentenced Petitioner to life imprisonment as a Violent Career Criminal (VCC).  (*Id.* at 12-16).  Petitioner appealed, and the Florida First District Court of Appeal (First DCA) affirmed on August 9,

---

[1] This matter can be resolved without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

1

1999. (*Id.* at 18). Petitioner challenged the legality of the VCC sentence enhancement and was subsequently resentenced to life imprisonment, this time with a different sentence enhancement (a Habitual Felony Offender enhancement instead of a VCC enhancement). (*Id.* at 31-35). He again appealed the judgment to the First DCA, which affirmed on May 24, 2005. (*Id.* at 39).

On June 22, 2005, Petitioner filed three overlapping motions for postconviction relief in the trial court under Florida Rule of Criminal Procedure 3.800(a) and Rule 3.850. (*Id.* at 41-48, 58-72, 92-95). The trial court denied all of those motions. (*Id.* at 50, 81-86, 97-100). Petitioner appealed, and the First DCA affirmed. (*Id.* at 56, 88, 90, 102, 104). The latest mandate in those postconviction appeals was issued on December 28, 2010. (*Id.* at 90).

On February 29, 2012, Petitioner filed another Rule 3.800(a) motion in the trial court. (*Id.* at 106-10). The trial court denied the motion on March 13, 2012. (*Id.* at 113-14). Petitioner did not appeal.

Thereafter, Petitioner filed several more applications for postconviction relief in the state courts. (*Id.* at 126-35, 147-55, 171-81,

200-09, 249-52, 303-09). None of those applications were successful. (*Id.* at 143, 161-62, 167, 187-88, 196, 240-42, 244-45, 256-58, 314-18, 323-24).

Petitioner filed the current 28 U.S.C. § 2254 habeas corpus action on May 9, 2025. (Doc. 1 at 1, 16). In the petition, he asserts a double jeopardy challenge to his resentencing. (*Id.* at 6). Respondent has moved to dismiss, arguing the petition was filed after expiration of the one-year limitations period found in 28 U.S.C. § 2244(d)(1). (Doc. 12 at 6-7).

## II. Discussion

A one-year limitations period applies to the filing of a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision that provides as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Respondent argues, and Petitioner does not dispute, that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A). (Doc. 12 at 6). Petitioner's judgment became final when the ninety-day window to seek review in the Supreme Court of the United States closed. *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). That ninety-day period began on May 24, 2005—the date the First DCA affirmed Petitioner's resentencing judgment. (Doc. 12-2 at 39). Petitioner's conviction became final ninety days later, on August 22, 2005. *See Chavers*, 468 F.3d at 1275 (finding that the one-year period began to run ninety days from the date the state appellate court issued its judgment and not from the date the mandate issued).

The clock for the federal limitations period generally would start running the next day, August 23, 2005. *See* Fed. R. Civ. P. 6(a) (stating

4

that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period"). But the clock paused one day prior to that date because Petitioner properly filed a Rule 3.850 motion in the trial court. (Doc. 12-2 at 58-72); 28 U.S.C. § 2244(d)(2) (tolling the time during the pendency of a properly filed state court motion for postconviction relief or other collateral review). The federal clock began running again on December 29, 2010, the day after the date of the First DCA's mandate affirming the trial court's denial of the Rule 3.850 motion. (Doc. 12-2 at 90); *see generally Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2020) (holding that when a Florida petitioner appeals the trial court's denial of post-conviction motion, the motion remains pending until issuance of the mandate by the appellate court).

The federal clock then ran for one year until it expired on December 29, 2011. Petitioner did not file his § 2254 petition on or before December 29, 2011. He also did not file any postconviction applications in state court within that time and, therefore, he is not entitled to statutory tolling under § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the

5

expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner filed his § 2254 petition on May 9, 2025—over thirteen years after it should have been filed. (Doc 1 at 1, 16). Thus, his petition was untimely.

Petitioner has not argued that any recognized exception excuses his failure to timely file his § 2254 petition. Nor are there any exceptions readily apparent from the record. Because Petitioner filed his § 2254 petition after the one-year period in 28 U.S.C. § 2244(d)(1) had expired, his petition was untimely. It is, therefore, subject to dismissal with prejudice. *See generally Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (recognizing that the dismissal of a § 2254 petition as untimely "constitutes a dismissal with prejudice on the merits").

### III.   Conclusion

For the reasons above, the petition for habeas relief under 28 U.S.C. § 2254 was untimely filed and should be dismissed.

### IV.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on

whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**.

2. The 28 U.S.C. § 2254 petition for habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of December 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.